UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60146-Civ-Zloch/Snow

TERRY DAWSON, ET AL.,

    Plaintiffs,

v.

OFFICE DEPOT, INC., and
STEVE ODLAND,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COMPLAINT AND COUNTERCLAIM**

Defendants Office Depot, Inc. ("Office Depot"), and Steve Odland ("Odland") respond to the Complaint of Plaintiffs as follows. For convenience, Office Depot and Mr. Odland use the same headings and paragraph numbers used by Plaintiffs in their Complaint.

1. Office Depot and Mr. Odland admit that Plaintiffs purport to bring this lawsuit on behalf of themselves, as well as other similarly situated non-exempt employees, for alleged violations of the Fair Labor Standards Act ("FLSA"), but deny that this action is appropriate for collective treatment and further deny that Plaintiffs are entitled to any relief. Office Depot admits that it employed Plaintiffs at certain times. Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 1.

2. Office Depot and Mr. Odland admit that jurisdiction and venue are proper. Office Depot admits that at certain times Plaintiffs worked for Office Depot

as Delivery Service Representative -Trans – I, and that at certain times Plaintiffs worked for Office Depot in Broward County, Florida.  Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 2.

3.     Office Depot admits it employed Terry Dawson from April 1997 to October 2006, Bruce Perry from December 1993 to October 2006, Roosevelt McClary from December 1996 to October 2006, Frank Rossi from December 1996 to October 2006, Edward Williams from January 1997 to October 2006, Eugene Walker from January 1998 to October 2006, Eric Goldbach from August 1994 to October 2006, Tim Purcifal from October 1992 to October 2006, Jean Innocent from January 2002 to October 2006, Barry Errington Brown from March 2001 to October 2006, Renard Rigaud from March 2001 to October 2006, and Frederick A. Wright from February 1999 to October 2006.  Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 3.

4.     Office Depot admits that it employed Plaintiffs at certain times as Delivery Service Representative – Trans - I, and that each Plaintiff's employment with Office Depot ended in October 2006.  Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 4.

5.     Office Depot admits that jurisdiction and venue are proper.  Office Depot further admits that it sells office products, among other products, and that it employs individuals.  Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 5.

6. Office Depot and Mr. Odland deny the allegations contained in paragraph 6.

7. Office Depot admits that Plaintiffs were at certain times "employees" of Office Depot within the meaning of the FLSA. Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 7.

8. Office Depot admits that Plaintiffs were at certain times "employees" of Office Depot within the meaning of the FLSA. Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 8.

9. Office Depot and Mr. Odland admit that Plaintiffs purport to bring this lawsuit on behalf of themselves, as well as other similarly situated non-exempt employees, but deny that this action is appropriate for collective treatment and further deny that Plaintiffs are entitled to any relief. Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 9.

10. Office Depot and Mr. Odland deny the allegations contained in paragraph 10.

11. Office Depot and Mr. Odland deny the allegations contained in paragraph 11.

12. Office Depot and Mr. Odland admit that this Court has subject matter jurisdiction over this controversy. Office Depot admits that it has annual gross sales greater than $500,000, that it regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and § 203(s), and that Plaintiffs were at certain times "employees" of Office Depot

within the meaning of the FLSA.  Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 12.

13. Office Depot and Mr. Odland deny the allegations contained in paragraph 13.

14. Office Depot and Mr. Odland are without sufficient knowledge to admit or deny the allegations contained in paragraph 14 but otherwise deny the allegations contained in paragraph 14.

15. Upon information and belief, Office Depot and Mr. Odland admit that it appears Plaintiffs have retained the law firm of Card & Glenn, P.A.  Office Depot and Mr. Odland are without sufficient knowledge to admit or deny the allegation that Plaintiffs are obligated to pay Card & Glenn, P.A., a reasonable fee for its services.  Office Depot and Mr. Odland deny that Plaintiffs are entitled to the recovery of their attorneys' fees or any other relief pursuant to the FLSA.  Office Depot and Mr. Odland otherwise deny the allegations contained in paragraph 15.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16. Office Depot and Mr. Odland realleges their responses to paragraphs 1 through 15 above.

17. Office Depot and Mr. Odland deny the allegations contained in paragraph 17.

18. Office Depot and Mr. Odland deny the allegations contained in paragraph 18.

4

19. Office Depot and Mr. Odland deny the allegations contained in paragraph 19.

20. Office Depot and Mr. Odland deny the allegations contained in paragraph 20.

21. Office Depot and Mr. Odland admit that Plaintiffs demand trial by jury on all issues so triable.

Office Depot and Mr. Odland deny that Plaintiffs are entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 21

Office Depot and Mr. Odland deny all remaining allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

22. Plaintiffs fail to state a claim upon which relief can be granted.

23. Plaintiffs' claims are barred in whole or in part by the statute of limitations or other applicable period of limitation.

24. Plaintiffs, as drivers, driver's helpers, loaders, and/or mechanics are exempt from the overtime pay provisions of the FLSA under the motor carrier exemption.

25. Without conceding liability, if Plaintiffs somehow prove that Office Depot and Mr. Odland acted in violation of the FLSA, then Plaintiffs never followed Office Depot's internal grievance procedures or otherwise notified Office Depot or Mr. Odland of any purported FLSA violations, and Office Depot's and Mr. Odland's actions otherwise were not willful or reckless, but rather were in good faith and based on a reasonable belief that such actions were not a violation of the FLSA, and

thus neither liquidated damages nor a three year statute of limitations would be warranted.

26.  Without conceding liability, if Plaintiffs somehow prove that Office Depot and Mr. Odland acted in violation of the FLSA, then Office Depot and Mr. Odland are entitled to offset any award to Plaintiffs with amounts owed to Office Depot for extra or premium compensation.

27.  Office Depot and Mr. Odland state that Plaintiffs' claim for liquidated damages is barred because Office Depot and Mr. Odland at all times material hereto acted in good faith and had reasonable grounds for believing that Office Depot's policies and practices were not violations of the FLSA, as amended.

28.  Office Depot and Mr. Odland state that Plaintiffs' claims are barred by the "de minimus" doctrine.

29.  Office Depot and Mr. Odland state that Plaintiffs' claims are barred by the estoppel provisions of the Portal-to-Portal Act, because Office Depot and Mr. Odland at all times material hereto acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

30.  Office Depot and Mr. Odland state that to the extent Plaintiffs seek compensation for time worked off-the-clock, Plaintiffs' claims are barred by the doctrine of estoppel.  Plaintiffs have affirmatively misled Office Depot regarding the number of hours worked, and Office Depot and Mr. Odland have no actual knowledge

6

of actual hours worked off-the-clock.  Further, although Office Depot has an internal grievance procedure, Plaintiffs never used these procedures to complain about any purported FLSA violations.  Accordingly, Plaintiffs also are estopped from claiming that they worked off-the-clock, that their time records are inaccurate, or that they did not receive compensation for all hours worked.

   31. Office Depot and Mr. Odland state that each of the Plaintiffs are estopped from seeking any relief under the FLSA as each represented and admitted that he had been correctly paid for any and all hours that he had worked at Office Depot.  Specifically, in entering into a written contract (the General Release Agreement), each of the Plaintiffs represented, admitted, and otherwise agreed to the following:  "I furthermore affirm that I have been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which I may be entitled and no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to me except as provided in this General Release."  General Release Agreement at p. 1.  Relying on these representations and admissions, Office Depot paid each of the Plaintiffs monetary consideration that otherwise would not have been provided to each of the Plaintiffs.  By filing this lawsuit, each of the Plaintiffs have expressly contradicted his prior representation and admission about having received all compensation or wages he was entitled to receive while working at Office Depot.  Given each of the Plaintiffs' prior representations and admissions, they are estopped from claiming that they

were not paid or did not receive all compensation and wages they were entitled to while at Office Depot.

32. Plaintiffs cannot meet the requirements necessary to bring this case as a collective action.

33. Each of the above affirmative defenses applies to any members of the collective action that Plaintiffs purport to represent.

## COUNTERCLAIM

Counter-Plaintiff/Defendant Office Depot, Inc. ("Office Depot"), files its counterclaim against Counter-Defendants/Plaintiffs Terry Dawson, Bruce Perry, Roosevelt McClary, Frank Rossi, Edward Williams, Eugene Walker, Eric Goldbach, Tim Purcifal, Jean Innocent, Barry Errington Brown, Renard Rigaud, and Frederick A. Wright, and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for equitable relief and damages within the jurisdiction of this Court.

2. Office Depot is a Delaware corporation with its principal place of business in Palm Beach County, Florida.

3. Upon information and belief, each of the Counter-Defendants/Plaintiffs are Florida residents who reside within the counties comprising the United States District Court for the Southern District of Florida.

4. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over this Counterclaim because this Counterclaim is so related to the

claims in this action that are within the original jurisdiction of this Court that they form part of the same case or controversy.

5. This Court has personal jurisdiction because, upon information and belief each of the Counter-Defendants/Plaintiffs are residents of Florida, each of the Counter-Defendants/Plaintiffs breached a contract in Florida, and each of the Counter-Defendants/Plaintiffs engage in substantial and not isolated activity within Florida. *See* Fla. Stat. §§ 48.193(1), (1)(g), (2).

6. Pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 89(c), and S.D. Fla. L.R. 3.1.C, venue is proper because each of the Counter-Defendants/Plaintiffs reside in this District, Counter-Defendants/Plaintiffs filed a Complaint against Office Depot in this District, a substantial part of the events giving rise to the claims occurred in this District, and each of the Counter-Defendants/Plaintiffs are subject to personal jurisdiction in this District.

7. All conditions precedent to bringing this Counterclaim have been waived, excused, or otherwise have been performed or occurred.

## **FACTS**

8. Over the course of the 1990s, Office Depot hired each of the Counter-Defendants/Plaintiffs.

9. Although Office Depot has an internal grievance procedure, Counter-Defendants/Plaintiffs never used these procedures during the course of their employment to complain that they worked off-the-clock work and were not compensation, that their time records were inaccurate, or that they otherwise did not receive compensation for all hours worked.

9

10. In October 2006, each of the Counter-Defendants/Plaintiffs' employment with Office Depot ended as a result of a reduction in force.

11. In connection with the reduction in force, Office Depot offered to provide each of the Counter-Defendants/Plaintiffs certain monetary consideration in exchange for each of the Counter-Defendants/Plaintiffs entering into a General Release Agreement that contained certain material representations and admissions as well as a release of claims.

12. One material representation and admission, which each of the Counter-Defendants/Plaintiffs had to agree to in order to receive the monetary consideration from Office Depot, was the following:

> **I furthermore affirm that *I have been paid and/or have received all* leave (paid or unpaid), *compensation*, *wages*, bonuses, commissions, and/or benefits *to which I may be entitled* and *no other* leave (paid or unpaid), *compensation*, *wages*, bonuses, commissions and/or benefits *are due to me* except as provided in this General Release.**

General Release Agreement at p. 1 (bold, underlying, and italics added).

13. Before entering into the General Release Agreement, each of the Counter-Defendants/Plaintiffs were advised in writing to consult with an attorney. *See* General Release Agreement at p. 2 ("I CERTIFY THAT . . . OFFICE DEPOT HEREBY ADVISES ME TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS GENERAL RELEASE. . . ." (all caps in original)).

14. Each of the Counter-Defendants/Plaintiffs also were provided up to forty-five days to review and consider the General Release Agreement and provided another seven days to revoke the General Release Agreement after execution. *See id.*

("I CERTIFY THAT . . . I HAVE BEEN GIVEN AT LEAST FORTY-FIVE (45) CALENDAR DAYS TO REVIEW AND CONSIDER THE PROVISIONS OF THIS GENERAL RELEASE. . . ."; "I further understand that I have seven (7) calendar days following my execution of this General Release to revoke my acceptance of this General Release. . . ." (all caps in original)).

15. Each of the Counter-Defendants/Plaintiffs entered into the General Release Agreement. Because none of the Counter-Defendants/Plaintiffs revoked the General Release Agreement, Office Depot provided each of the Counter-Defendants/Plaintiffs the monetary consideration required under the General Release Agreement. Office Depot thus complied with all of its obligations under the General Release Agreement.

16. In January 2009, Counter-Defendants/Plaintiffs filed this lawsuit against Office Depot. Each of the Counter-Defendants/Plaintiffs allege in the Complaint that he was not paid and/or did not receive all compensation and wages that he was entitled to and that additional compensation and wages were due to him. *See generally* Complaint (D.E. 1).

17. Counter-Defendants/Plaintiffs' allegations in their Complaint directly contradict the material representation and admission each of them made in the General Release Agreement. Each of the Counter-Defendants/Plaintiffs have rescinded the General Release Agreement, which entitles Office Depot to return of the monetary consideration it provided to each of the Counter-Defendants/Plaintiffs.

Alternatively, each of the Counter-Defendants/Plaintiffs are in breach of the General Release Agreement and have caused damages to Office Depot.

### COUNT I -- RESCISSION OF GENERAL RELEASE AGREEMENT

18.     Office Depot restates and realleges paragraphs 1 through 16 of the Counterclaim as if fully set forth herein.

19.     Each of the Counter-Defendants/Plaintiffs and Office Depot entered into a written contract—the General Release Agreement.

20.     A material representation and admission made by each of the Counter-Defendants/Plaintiffs in the General Release Agreement was that he was "paid and/or . . . received all . . . compensation [and] wages . . . [that he was] entitled [to] and . . . [that] no other . . . compensation [and] wages . . . [we]re due to" him as a result of their employment with Office Depot.  General Release Agreement at p. 1.  Each of the Counter-Defendants/Plaintiffs made this representation and admission with the intent to induce Office Depot to enter into the General Release Agreement.

21.     Indeed, Office Depot detrimentally relied on these false representations and admissions.  In reliance on each of the Counter-Defendants/Plaintiffs representations and admissions, Office Depot paid each of the Counter-Defendants/Plaintiffs certain monetary consideration.  In providing this monetary consideration, Office Depot fully performed under the General Release Agreement and accordingly owed no further duty to any of the Counter-Defendants/Plaintiffs as each of them received all of the benefits that he would be owed under the General Release Agreement.

22.     Each of the Counter-Defendants/Plaintiffs now allege, in the Complaint, that he was not paid and/or did not receive all compensation and wages that he was entitled to and that additional compensation and wages were due to him.  *See generally* Complaint (D.E. 1).  Each of the Counter-Defendants/Plaintiffs therefore apparently knew that the representation and admission they made in the General Release Agreement was false.

23.     Each of the Counter-Defendants/Plaintiffs have expressly contradicted their material representations and admissions in the General Release Agreement by filing his Complaint.

24.     Through this Counterclaim, Office Depot has rescinded the General Release Agreement.  Each of the Counter-Defendants/Plaintiffs only provided Office Depot with written representations and admissions as part of their obligations under the General Release Agreement.  Therefore, there are no benefits that Office Depot can return to each of the Counter-Defendants/Plaintiffs as a result of rescinding the General Release Agreement.

25.     Because Office Depot provided each of the Counter-Defendants/Plaintiffs with monetary consideration for entering into the General Release Agreement, because the General Release Agreement has been rescinded, and because there is no adequate remedy at law, Office Depot is entitled to the return of all of the monetary consideration provided to each of the Counter-Defendants/Plaintiffs to restore the status quo.

WHEREFORE, Office Depot demands the following: (a) rescission of the General Release Agreement because the General Release Agreement was entered into based on fraudulent misrepresentations, false representations, or other grounds for rescission; (b) judgment ordering each of the Counter-Defendants/Plaintiffs to return all of the monetary consideration paid by Office Depot to each of the Counter-Defendants/Plaintiffs so as to restore the benefits Office Depot furnished to each of the Counter-Defendants/Plaintiffs; and (c) interest, costs, and such other and further relief as the Court may deem appropriate.

### COUNT II -- BREACH OF GENERAL RELEASE AGREEMENT

26. Office Depot restates and realleges paragraphs 1 through 16 of the Counterclaim as if fully set forth herein.

27. Each of the Counter-Defendants/Plaintiffs and Office Depot entered into a written contract—the General Release Agreement.

28. A material representation and admission made by each of the Counter-Defendants/Plaintiffs in the General Release Agreement was that he was "paid and/or . . . received all . . . compensation [and] wages . . . [that they were] entitled [to] and . . . [that] no other . . . compensation [and] wages . . . [we]re due to" him as a result of their employment with Office Depot. General Release Agreement at p. 1.

29. Office Depot relied on each of the Counter-Defendants/Plaintiff's material representation and admission. In reliance on each of the Counter-Defendants/Plaintiff's material representation and admission, Office Depot paid each of the Counter-Defendants/Plaintiffs certain monetary consideration.

14

30. Each of the Counter-Defendants/Plaintiffs now allege, in his Complaint, that he was not paid and/or did not receive all compensation and wages that he was entitled to and that additional compensation and wages were due to him. *See generally* Complaint (D.E. 1). Each of the Counter-Defendants/Plaintiffs have expressly contradicted their material representations and admissions in the General Release Agreement, and thus have breached the General Release Agreement.

31. As a result of each of the Counter-Defendants/Plaintiffs' breaches, Office Depot has suffered damages.

WHEREFORE, Office Depot demands judgment for damages against each of the Counter-Defendants/Plaintiffs, together with interest, costs, and such other and further relief as the Court may deem appropriate.

Dated: February 23, 2009    Respectfully submitted,

s/ Brian L. Lerner
Mark R. Cheskin (Fla. Bar No. 708402)
mrcheskin@hhlaw.com
Brian L. Lerner (Fla. Bar No. 0177202)
bllerner@hhlaw.com
HOGAN & HARTSON L.L.P.
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 459-6500
Facsimile:  (305) 459-6550
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Brian L. Lerner
Brian L. Lerner

**SERVICE LIST**
**Dawson, et al. v. Office Depot, Inc. and Steve Odland**
**Case No. 09-60146-Civ-Zloch/Snow**
**United States District Court, Southern District of Florida**

J. Dennis Card, Jr., Esq.
dennis@floridaovertimeattorneys.com
Andrew I. Glenn, Esq.
Andrew@floridaovertimeattorneys.com
Card & Glenn, P.A.
2131 Hollywood Boulevard, Suite 405
Hollywood, FL 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiffs

Via Transmission of Notices of Electronic
Filing Generated by CM/ECF